■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOCK BALLARD, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: On the fourth day of defendant's trial, a juror informed the court that he learned that defendant's sister was his coemployee. The Judge reported that the juror asked to be excused because he might have to work with defendant's sister and "it might make the situation a little sticky." The record does not disclose that the court conducted a probing inquiry before excusing the juror. This was error (see, People v Buford, 69 NY2d 290, 299) and cannot be deemed harmless (see, People v Anderson, 70 NY2d 729, 730-731). Further, the juror's statement, which permits only speculation as to the likelihood of partiality, does not meet the standard for excusing a sworn juror as grossly unqualified (CPL 270.35; see, People v Cargill, 70 NY2d 687, 688-689; People v Dunlap, 132 AD2d 953, 954-955, lv denied 70 NY2d 799). (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—manslaughter, first degree.) Present—Dillon, P. J., Denman, Boomer, Green and Lawton, JJ.