■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOCK BALLARD, Appellant.—Judgment unanimously reversed on the law, new trial granted on that count of the indictment charging criminal possession of a weapon in the fourth degree; leave granted to the People to present the charge of manslaughter in the second degree to another Grand Jury, in accordance with the following memorandum: Defendant was initially tried on two counts of murder in the second degree and one count of criminal possession of a weapon in the fourth degree. The jury found him guilty of two counts of manslaughter in the first degree as lesser included offenses and also found him guilty of criminal possession of a weapon as charged. On appeal we reversed defendant's conviction and granted a new trial *(see, People v Ballard,* 149 AD2d 926, *lv denied* 74 NY2d 736). We did not, however, *sua sponte* grant leave to the People to submit appropriate charges to another Grand Jury, and the People failed to seek such permission and failed to obtain a new indictment. Since defendant had been acquitted of second degree murder, not only was further prosecution under the original indictment barred by double jeopardy, but dismissal of the murder counts of the indictment left nothing to support a further prosecution for manslaughter *(see, People v Gonzalez,* 61 NY2d 633, 635; *People v Mayo,* 48 NY2d 245, 253). Thus defendant's conviction at his second trial of two counts of manslaughter in the second degree is a nullity and must be reversed. While this court is divided on the issue whether further prosecution of defendant under a new indictment charging manslaughter in the first degree is barred by double jeopardy *(compare, People v Mayo, supra,* at 253, *with United States v Ball,* 163 US 662), we are unanimous in our view that, in the circumstances, in the exercise of our discretion in the interest of justice, we would not uphold a conviction for that crime. Thus leave is granted to the People to present the charge of manslaughter in the second degree to another Grand Jury.

Since there may be a new trial, we also note that at defendant's now nullified second trial, the prosecutor's refusal to grant limited immunity to Kevin Morris at defendant's request was an abuse of discretion affecting defendant's due process rights to a fair trial. Morris, a key prosecution witness at the first trial, allegedly had recanted his testimony by the time of the second trial. When called by the People as a witness at the second trial, Morris invoked his Fifth Amendment privilege and refused to testify. The trial court thereafter found him to be an "unavailable" witness pursuant to CPL 670.10 and permitted his testimony at the first trial to be read into the record. In his case-in-chief, defendant called Morris as a witness, but he again refused to testify, invoking the Fifth Amendment. Defense counsel requested that the District Attorney grant Morris immunity from possible perjury charges, but he declined to do so.

Generally, the decision to grant immunity is within the sound discretion of the District Attorney. Here, however, the refusal to grant immunity to Morris denied defendant any opportunity to question him concerning his recantation and left the jury to consider only the testimony given by Morris at the first trial. In our view, the District Attorney's refusal to grant immunity violated defendant's due process rights to a fair trial (see, People v Priester, 98 AD2d 820, 821; see also, People v Shapiro, 50 NY2d 747).

In light of the foregoing determinations, it is unnecessary to consider the other issues raised by defendant. (Appeal from judgment of Onondaga County Court, Wells, J.—manslaughter, second degree.) Present—Dillon, P. J., Denman, Pine, Lawton and Davis, JJ.