OPINION OF THE COURT
Yesawich, Jr., J.*
The issue presented is whether an affidavit, submitted to a Grand Jury pursuant to CPL 190.30 (3), wherein the owner states in conclusory terms the worth of allegedly stolen property and the amount of physical damage to it, without indicating the basis for that valuation, can sustain an indictment where value is an element of the offense charged. We hold that it does not.
A Queens County Grand Jury indicted defendant for offenses arising out of his August 8, 1990 arrest while in possession of a stolen 1985 Pontiac owned by Pedro Medina. The car had *404 a broken right rear vent window, trunk lock, luggage rack and steering column. Defendant was charged with three felonies: grand larceny in the fourth degree (Penal Law § 155.30 [8] [stealing a motor vehicle having a value exceeding $100]), criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [5] [possession of a stolen motor vehicle valued in excess of $100]), and criminal mischief in the third degree (Penal Law § 145.05 [damaging property of another in an amount exceeding $250]), and a class A misdemeanor, unauthorized use of a motor vehicle in the third degree (Penal Law § 165.05 [1]).
The indictment was based on a form affidavit, attested to by the victim Medina, which recited that he was the owner of the vehicle, that defendant did not have his consent to use it, that the amount of damage to the window and steering column exceeded $250, and that the value of the vehicle was over $2,500. Supreme Court found that the affidavit, the only purported proof of value adduced by the prosecutor, was insufficient to establish valuation because it did not explain the basis for Medina’s opinion respecting the value of the car or the monetary damages inflicted and granted defendant’s motion to dismiss the indictment to the extent of reducing the first three counts to misdemeanors requiring no proof of value (Penal Law §§ 155.25, 165.40, 145.00 [1]). The Appellate Division affirmed, and a Judge of this Court granted the People permission to appeal.
The People maintain that both the plain language of CPL 190.30 (3) and the intent leading to its enactment compel a conclusion that an unsupported affidavit from the victim is indeed legally sufficient evidence on the issue of value. Although we have not heretofore squarely confronted this question (see, e.g., People v James, 67 NY2d 662; People v Carter, 19 NY2d 967), the Appellate Divisions in all four Departments have uniformly concluded that a victim must provide a basis of knowledge for his statement of value before it can be accepted as legally sufficient evidence of such value (see, e.g., People v Stein, 172 AD2d 1060 [4th Dept], lv denied 78 NY2d 975; People v Selassie, 166 AD2d 358 [1st Dept], lv denied 77 NY2d 911; People v Bernard, 123 AD2d 324 [2d Dept]. lv denied 69 NY2d 708; People v Clark, 91 AD2d 1102 [3d Dept]). CPL 190.30 (3) (b) and (c) allow an owner of property to furnish a written or oral statement, made under oath, to establish the monetary value of, or damage to, that person’s property. By permitting evidence of value in this form to be *405 introduced at Grand Jury proceedings, the Legislature intended to eliminate the need to have complainants personally appear before that body (see, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 180.60, at 140). Nothing contained in the language of the statute or its legislative history suggests, as the People would have it, that the Legislature sought to effect a substantive change in New York law by conferring legally sufficient status upon a lay witness’ unsupported statement of value.
Nor does the Legislature’s amendment of CPL 190.30 (3) in 1976, a year after its enactment, by adding paragraph (e), which specifically requires an expert’s affidavit of value to contain a statement as to the basis of that opinion but imposes no such similar requirement when the affidavit of value emanates from an owner, denote that the Legislature intentionally omitted the basis requirement from an owner’s affidavit. The sponsor’s memorandum supporting enactment of paragraph (e) discloses that the Legislature recognized that a basis of knowledge for valuation is necessary:
"It has been brought to our attention, however, that in most instances an owner cannot actually testify to the value of this property. For this reason, the proposed amendment would permit a deposition by an expert who has examined and appraised the stolen property or property of a similar nature, so that this issue could be presented in evidence in pretrial proceedings. This, in most instances, would be better evidence than a statement by the owner.” (Sponsor’s Mem, 1976 NY Legis Ann, at 41 [emphasis added].)
Were no such basis required, paragraph (e) would have been unnecessary since "in most instances” the owner of the property is available to supply a written or oral statement and could give an unsupported lay person’s opinion as to value.
Lastly, our affirmance of the Appellate Division’s determination does not, as the People intimate, require the victim to be physically present at Grand Jury proceedings, but simply that the People insure that the affidavit submitted contains a basis of knowledge for the witness’ statement as to value so that the Grand Jury can reasonably infer, rather than merely speculate, that the property, or damage to property, has the requisite value to satisfy the statutory threshold.
*406 Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtlek and Judges Kaye, Titone, Hancock, Jr., and Bellacosa concur; Judge Simons taking no part.
Order affirmed.

 Designated pursuant to NY Constitution, article VI, § 2.