■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL SANCHEZ, Respondent. [603 NYS2d 837] —Order, Supreme Court, New York County (Irene Duffy, J.), entered on or about February 3, 1993, which, insofar as appealed from, granted defendant's motion to dismiss the count of Indictment No. 6620/92 charging him with a violation of Vehicle and Traffic Law § 426, unanimously reversed, on the law, the motion denied, the count reinstated, and the matter remanded.

---

The possession of a stolen motor vehicle can constitute a felony under the Penal Law only when the value of the vehicle exceeds one hundred dollars (Penal Law § 165.45 [5]). In May, 1992, the Court of Appeals held that an owner's affidavit stating in conclusory terms the worth of allegedly stolen property, in that case a motor vehicle, without indicating the basis for that valuation, cannot sustain an indictment where value is an element of the offense charged *(People v Lopez,* 79 NY2d 402). In the instant indictment defendant was charged under section 426 of the Vehicle and Traffic Law, under which value is not an element of the offense and which provides that "[a]ny person * * * who shall have in his possession any motor vehicle or trailer which he knows, or has reason to believe, has been stolen, and who is not an officer of the law engaged at the time in the performance of his duty as such officer shall be guilty of a class E felony". Defendant contends, and the motion court agreed, that section 426, which also makes it a class E felony knowingly to make a false statement of material fact in registering, passing title, or transferring possession of such vehicle, applies only when there is an attempt to effect one of those other proscribed acts. Since the acts constituting felonies under section 426 are clearly set forth in the alternative, however, the intention of the legislature is to be sought from a literal reading of the act itself (McKinney's Cons Laws of NY, Book 1, Statutes § 92 [b]). Possession of a vehicle known to have been stolen is enough to constitute the felony. A court cannot read into section 426 with respect to possession any requirement that a false statement be made in connection with the clearly proscribed possession. Nor is there any compulsion to do so. Knowingly having a stolen vehicle in one's possession is as distinct an offense as making a false statement or receiving or transferring possession thereof, the other acts proscribed in section 426, and in itself as legitimate an object of statutory proscription. Concur—Murphy, P. J., Sullivan, Kupferman and Nardelli, JJ.