In the Matter of BASILLE N., a Person Alleged to be a Juvenile Delinquent, Respondent. [644 NYS2d 233]

The petition alleged that respondent committed acts which, if committed by an adult, would constitute the crimes of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [5]), making false statement, stolen vehicles (Vehicle and Traffic Law § 426), and unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]). A petition is legally sufficient when the "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [3]). Taken together, the petition and the supporting depositions must contain non-hearsay allegations which, if believed, would support a finding beyond a reasonable doubt that the respondent committed the acts which constitute the crimes charged (*Matter of Jahron S.*, 79 NY2d 632, 639).

Turning to the charges alleged in this petition, we are constrained to agree with the Family Court that the petition as drafted did not contain sufficient non-hearsay factual allegations establishing that this car had a monetary value exceeding $100. Subdivision (5) of Penal Law § 165.45, the statute under which respondent was charged, provides that the property at issue must have a value exceeding $100 and must consist of a motor vehicle. While common sense teaches that an operable vehicle of relatively recent vintage is presumably worth more than $100 in today's automotive market, the statutes as drafted by the Legislature require more. Notably absent from the petition and the deposition of Police Officer Cronin are any allegations regarding the value of the car and how that valuation was arrived at by the affiant.

In *People v Lopez* (79 NY2d 402), the Court of Appeals held that an affidavit, submitted to a Grand Jury pursuant to CPL 190.30 (3), wherein the owner stated in conclusory terms the worth of allegedly stolen property without indicating the basis for its attributed valuation, could not sustain an indictment where the value is an element of the offense charged. While the procedural context of *Lopez* is different from than that of the case at bar, it should be noted that in *Lopez*, the car, as here, was 5 years old, and that, unlike here, the owner in *Lopez* had attested to the car having a value in excess of $2,500. Nevertheless, the *Lopez* Court found that absent an explanation of how the valuation was arrived at, the affiant's conclusory statement as to value was insufficient. Here, the petition does not contain a conclusory factual allegation that the car's value exceeds the threshold of $100, let alone provide some basis for that valuation. Accordingly, this count of the petition was properly dismissed.

However, the Family Court erred in dismissing the second and third counts of the petition. Lack of permission to use a vehicle may be established, even for trial purposes, without testimony from a complainant, if there is sufficient circumstantial proof (*People v Borrero*, 26 NY2d 430). Crediting the allegations contained in Police Officer Cronin's affidavit and giving the presentment agency the benefit of the reasonable inferences that flow therefrom, the petition establishes beyond a reasonable doubt, albeit circumstantially, the respondent's lack of permission to use this vehicle as well as his possession of it with the knowledge that it was stolen.

Specifically, Officer Cronin avers that on October 31, 1994, at 2:30 A.M., he saw respondent and another person driving a livery vehicle with the horn continuously sounding. The igni-

tion had been popped and there were no keys in the ignition. When Officer Cronin approached the car, respondent drove off, crashed the car into another vehicle, and then fled on foot. These non-hearsay allegations of Officer Cronin, if credited, establish that respondent knowingly used the vehicle without the permission or consent of its owner and that respondent knew or should have known when he possessed it that the vehicle was stolen. Thus, the petition contains sufficient non-hearsay allegations to establish that respondent committed acts which would constitute violations of Penal Law § 165.05 (1) and Vehicle and Traffic Law § 426 (*see, Matter of Wilson G.*, 214 AD2d 670, *lv denied* 87 NY2d 811; *Matter of Aaron H.*, 206 AD2d 426; *People v Sanchez*, 198 AD2d 84, 85, *appeal dismissed* 85 NY2d 1006 [Vehicle and Traffic Law § 426 does not require the making of a false statement in connection with the clearly proscribed possession]; *contrast, Matter of Steven S.*, 176 AD2d 101 [petition insufficient where it contained no indicia of car being stolen]) and the second and third counts of the petition should not have been dismissed. Concur—Milonas, J. P., Kupferman, Nardelli and Mazzarelli, JJ.