■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUDSON WATKINS, Appellant. [649 NYS2d 548] —Judgment unanimously reversed on the law and as a matter of discretion in the interest of justice and indictment dismissed. Memorandum: Defendant appeals from a judgment convicting him, following a nonjury trial, of grand larceny in the fourth degree. As the People concede, the conviction must be reversed because defendant did not effectively waive his right to a jury trial (*see,* CPL 320.10 [2]; *People v Zawistowski,* 168 AD2d 950). The People contend, however, that they may retry defendant on the original indictment, which charged grand larceny in the third degree and criminal mischief in the fourth degree. County Court dismissed the criminal mischief charge at the close of the People's proof and, as a sanction against the People for violating the discovery provisions of Penal Law § 450.10, the court reduced the grand larceny charge from third to fourth degree.

While further prosecution on the original indictment may be lawful under CPL 40.30 (3) (*cf., People v Mayo*, 48 NY2d 245, 249), for the reasons that follow we exercise our discretion in the interest of justice to dismiss the indictment (*see, People v Ballard*, 167 AD2d 895, *lv denied* 77 NY2d 836). We agree with defendant that the People failed to prove that the value of the stolen auto parts exceeded $1,000, the threshold for grand larceny in the fourth degree (*see*, Penal Law § 155.20 [1]). The written estimates of the victim's auto parts manager, who did not testify at trial, constituted hearsay evidence that does not fit within the business records exception of CPLR 4518 (a). The exhibits in question are not price lists, as the People contend; they are pieces of paper on which the parts manager recorded his estimates. In any event, the People failed to establish a proper foundation for the admission of price lists into evidence (*see, People v Gross*, 51 AD2d 191, 195, citing *People v Irrizari*, 5 NY2d 142, 147).

The only other evidence of value was an affidavit of the victim's service director given to the police at the crime scene. The service director testified at trial that he made those estimates "off the top" of his head and that he had not consulted a price list or any other source. "It is established that an 'unsupported statement' of value by an owner is not legally sufficient evidence on the issue of value; rather, a victim must provide a basis of knowledge for [the] statement of value (*People v Lopez*, 79 NY2d 402)" (*People v Kirkwood*, 200 AD2d 409, *lv denied* 83 NY2d 806).

We further note that defendant has been released from prison and has served most of his sentence. Under the circumstances, further prosecution serves no useful purpose. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Grand Larceny, 4th Degree.) Present—Pine, J. P., Fallon, Wesley, Davis and Boehm, JJ.