UNITED STATES of America,
Appellee,

v.

Raymond BRYANT, also known as Ray Love, Defendant–Appellant.

No. 10–0067–cr.

United States Court of Appeals,
Second Circuit.

Oct. 4, 2010.

Joseph A. Vita, Port Chester, NY, for Appellant.

Benjamin Allee, Assistant United States Attorney (Preet Bharara, United States

Attorney, and Katherine Polk Failla, Assistant United States Attorney, on the brief), Office of the United States Attorney, Southern District of New York, New York, NY, for Appellee.

PRESENT: WALKER, JOSÉ A. CABRANES, CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Raymond Bryant appeals from a judgment revoking his term of supervised release and sentencing him to concurrent terms of 11 months' imprisonment.

In April 2009 the United States Probation Office filed a petition alleging three violations by Bryant of the terms and conditions of his supervised release: (1) failure to obtain and maintain verifiable employment, (2) unauthorized travel outside of the Southern District of New York, and (3) failure to pay the court-ordered fine of $1000 and the mandatory special assessment balance of $195. A second petition was filed following an August 13, 2009 incident in which Bryant drove his vehicle into a car being operated by his girlfriend. The Probation Office's second petition charged Bryant with committing the offenses of (1) criminal mischief in the third degree (in violation of New York Penal Law § 145.05), (2) reckless endangerment in the second degree (New York Penal Law § 120.20), and (3) endangering the welfare of a child (New York Penal Law § 260.10). Following a one-day hearing, the District Court found by a preponderance of the evidence that Bryant was guilty of unauthorized travel, failure to pay the court-ordered fine, criminal mischief in the third degree, and reckless endangerment in the second degree. Bryant appeals on the sole ground that the government was improperly allowed to introduce hearsay evidence concerning the August 13, 2009 incident.

The government called two witnesses, Officer Wyatt Tual of the Town of Newburgh Police Department and Saundra Allen of the Probation Office, to testify that Bryant intentionally crashed into his girlfriend's car. In testifying, both Tual and Allen described out-of-court statements made by the victim, Tara Rummel. Of particular relevance, these hearsay statements offered details about the traffic incident and the damage that resulted.

"Although the Confrontation Clause of the Sixth Amendment does not apply to supervised-release revocation hearings, the Federal Rules of Criminal Procedure provide that in such a hearing the judge must give the defendant 'an opportunity ... to question any adverse witness, unless the judge determines that the interest of justice does not require the witness to appear.'" *United States v. Williams*, 443 F.3d 35, 45 (2d Cir.2006) (quoting Fed. R.Crim.P. 32.1(b)(2)(c)) (citation omitted). We have held that where the government seeks to introduce what would be otherwise inadmissible hearsay testimony during a revocation hearing, it must justify its decision so that the district court can balance the government's interests against the defendant's interests in a due-process right of confrontation. *United States v. Chin*, 224 F.3d 121, 124 (2d Cir.2000). Here, no explanation was ever given for why Rummel herself was not called to testify. Accordingly, the government now concedes that the hearsay statements of Rummel were erroneously entered into evidence. Nevertheless, the government insists that the sentence imposed by the District Court ought to be affirmed because this evidentiary error was harmless given the weight of the other, properly introduced, evidence. In particular, the government points to Bryant's own admission, which Probation Officer Allen duly recounted in court, that Bryant hit Rummel's car and knocked the fender off, as

well as the District Court's explicit statement that its findings would be unchanged even if Rummel's hearsay statements were not considered.

Naturally, defendant takes a different view. In particular, defendant argues that, without Rummel's hearsay statements, there was insufficient evidence for the District Court to conclude by a preponderance of the evidence that he had committed criminal mischief. To commit criminal mischief in the third degree in the State of New York, one must, among other things, cause damage to the "property of another person in an amount exceeding two hundred and fifty dollars." N.Y. Penal Law § 145.05(2). At the hearing, Probation Officer Allen recounted how Rummel informed her that Bryant had inflicted $2000 worth of damage on the car in question. This was the only evidence introduced by the government that directly attempted to quantify the damage caused by Bryant. Rather, Officer Tual described the damage he witnessed upon arriving at the accident scene, and the government submitted into evidence four photographs of Rummel's damaged car. These pictures establish the significant damage done to the front grill and bumper of Rummel's car. In the course of its ruling from the bench, the District Court, on the basis of these photographs, took "judicial notice" of the fact that replacing the front bumper and grill on a "late model Chrysler 300" would cost in excess of $250. If we accept this as correct, then the admission of Rummel's hearsay statements would indeed be harmless, but Bryant now argues on appeal that it was improper for the District Court to take judicial notice of the threshold damage caused by Bryant.

While it would have been preferable for the District Court to have signaled its intent to take judicial notice of the amount of damage caused in the course of the hearing prior to rendering its decision, it was by no means obligated to do so. *See* Fed.R.Evid. 201(f). Defendant had ample opportunity to question the propriety of taking judicial notice in this matter following the District Court's ruling from the bench. Fed.R.Evid. 201(e). Because no objection was made before the District Court, we may only review the decision to take judicial notice of the fact that Bryant caused in excess of $250 of damage to Rummel's Chrysler for plain error. *See United States v. Bari,* 599 F.3d 176, 179–80 (2d Cir.2010). "A finding of plan error requires (1) error, (2) that is plain, and (3) that affects the defendant's substantial rights." *United States v. Gomez,* 580 F.3d 94, 100 (2d Cir.2009) (quotation marks omitted).

 Rule 201 of the Federal Rules of Evidence permits judicial notice of a fact that is "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably be questioned." "Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201[ ]." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.,* 146 F.3d 66, 70 (2d Cir.1998). In general district courts should be hesitant to utilize Rule 201 to "fill in the blanks" for a case that rests on highly specific details (here, the amount of damage done to a specific type of automobile in a particular crash). Rule 201 is designed to be used to supply facts that are generally known or are subject to ready, objective verification, while the amount of damage caused here is prob-

**546**

ably subject to varying "estimates" from different auto mechanics. But in this case it is important to note that the District Court never attempted to estimate the precise amount of damage done to Rummel's Chrysler. It merely observed that the damage was significant, and thus clearly in excess of the relatively low statutory threshold of $250. Furthermore, this is not a case where the government failed to offer any evidence of the value of the damage, or offered only a conclusory statement of damage without indicating the basis for that valuation, *see People v. Lopez*, 79 N.Y.2d 402, 583 N.Y.S.2d 356, 356, 592 N.E.2d 1360 (1992). Rather, the District Court's conclusion was based on testimony and photographs of the damage to the Chrysler. While the propriety of such a conclusion may be subject to some debate, we cannot say that the District Court's error (assuming for purposes of argument that it was indeed error) in invoking Rule 201 was in any way "plain." *See Gomez*, 580 F.3d at 100. Thus, since we conclude that the fact that Rummel's car sustained more than $250 in damage was properly admitted into evidence, we hold that there was overwhelming evidence of Bryant's guilt even excluding the hearsay testimony that was improperly introduced.

The judgment of the District Court is therefore **AFFIRMED**.