■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MONCLOVA, Appellant. [931 NYS2d 322]—

The court properly denied defendant's suppression motion. The hearing court properly found that defendant's fiancée's consent to the police search of her apartment was voluntary (*see generally People v Gonzalez*, 39 NY2d 122 [1976]). Defendant's other suppression claim is both unpreserved and unreviewable for lack of a proper factual record (*see e.g. People v Martin*, 50 NY2d 1029, 1031 [1980]).

The proof was insufficient for the conviction for fourth degree grand larceny under the seventh count of the indictment, with regard to the requirement that the value of the stolen laptop computer at the time of the theft exceeded one thousand dollars (*see* Penal Law § 155.20 [1]; § 155.30 [1]). The People merely presented evidence that the original price of the computer in December 2004 was a little over $2,000, and that the computer was still functioning and in good condition at the time of the theft in December 2007. While "[p]roof of original cost may provide sufficient evidence of value where the difference between the cost of the item and the statutory threshold is substantial and where there is little risk that the item has depreciated in value below the statutory threshold" (*see People v Stein*, 172 AD2d 1060, 1060 [1991], *lv denied* 78 NY2d 975

[1991]), a jury must be able to "reasonably infer, rather than merely speculate, that the property . . . has the requisite value to satisfy the statutory threshold" (*People v Lopez*, 79 NY2d 402, 405 [1992]). Based upon the evidence, the jury could only speculate whether the computer still had a value of more than $1000 in December 2007.

However, the evidence was sufficient as to the television that was the subject of count six. It had been purchased only nine months before the theft for approximately $1,500, and after it was stolen, the owner bought a replacement for about $1,300; furthermore, when the stolen television was returned to him, the owner preferred it to the newly purchased $1,300 substitute. This evidence constituted a sufficient basis for the jury to infer, rather than merely speculate, that the television's value at the time of the theft still exceeded $1,000.

We perceive no basis for reducing defendant's sentences for his convictions of grand larceny in the third degree and criminal possession of stolen property in the third degree. Concur— Tom, J.P., Saxe, DeGrasse, Freedman and Román, JJ.