# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

798

KA 10-02081

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

LOUIS GEROYIANIS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (LIAM A. DWYER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered October 8, 2010. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, grand larceny in the third degree and criminal possession of stolen property in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law and as a matter of discretion in the interest of justice by reducing the sentence on the first count of the indictment to an indeterminate term of imprisonment of 16 years to life, and by reducing the conviction of grand larceny in the third degree (Penal Law § 155.35 [1]) to grand larceny in the fourth degree (§ 155.30 [1]) and reducing the conviction of criminal possession of stolen property in the third degree (§ 165.50) to criminal possession of stolen property in the fourth degree (§ 165.45 [1]) and vacating the sentence imposed on counts two and three of the indictment and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for sentencing on those counts.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]), grand larceny in the third degree (§ 155.35 [1]), and criminal possession of stolen property in the third degree (§ 165.50). Contrary to defendant's contention, we conclude that the conviction of burglary in the second degree is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Although there were no eyewitnesses and there was no direct evidence of defendant's guilt, "the element of identity was established by a compelling chain of circumstantial evidence that had no reasonable explanation except that defendant was . . . the perpetrator[]" (*People v Brown*, 92 AD3d 1216, 1217, *lv denied* ___ NY3d ___ [Apr. 30, 2012]). At the time of the burglary, defendant was the victim's next-door neighbor. The victim testified that he was out of his apartment from

8:30 A.M. until 2:30 P.M. on the date of the burglary and that, when he returned, a laptop computer to which a Harley Davidson sticker was affixed, various computer accessories, a DVD player, and approximately 150 to 160 DVDs were missing.  A person acquainted with defendant testified that, in the early afternoon on the date of the burglary, defendant arrived at his house with a laptop computer and over 100 DVDs.  Defendant told the acquaintance that the items were "hot," i.e., stolen.  The acquaintance further testified that defendant peeled a Harley Davidson sticker from the laptop computer.  The acquaintance later gave the sticker to the police, and the victim identified it as the same sticker that had been affixed to his laptop computer.  In addition, the People's forensic serologist testified that defendant could not be excluded as a contributor to the DNA profiles found on the power strip into which the stolen laptop computer had been plugged in the victim's apartment.  Viewing the evidence in light of the elements of the crime of burglary in the second degree as charged to the jury (see *People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence with respect to that crime (see generally *Bleakley*, 69 NY2d at 495).

As defendant correctly concedes, he failed to preserve for our review his further contention that Supreme Court failed to respond to a jury note requesting to view an exhibit, i.e., a DNA analysis chart, before the jury announced its verdict, inasmuch as he did not object to the court's handling of that jury note (see *People v Starling*, 85 NY2d 509, 516; *People v Johnson*, 289 AD2d 1008, 1009, *lv denied* 97 NY2d 756; *People v Fuentes*, 246 AD2d 474, 475, *lv denied* 91 NY2d 941). Contrary to defendant's contention, the alleged failure of the court to respond to the jury's request to view the exhibit is not a mode of proceedings error for which preservation is not required (see *People v Kisoon*, 8 NY3d 129, 135).  "[T]his is not a case where there was 'a failure to provide [defense] counsel with meaningful notice of the contents of the jury note or an opportunity to respond' . . ., and defendant therefore was required to preserve his contention for our review" (*People v Kalb*, 91 AD3d 1359, 1359).  In accordance with the procedure set forth in *People v O'Rama* (78 NY2d 270, 277-278), the court marked the jury note as a court exhibit and, before recalling the jury, read the note verbatim into the record in the presence of counsel (see *People v Bonner*, 79 AD3d 1790, 1790-1791, *lv denied* 17 NY3d 792).  The court then advised counsel that it had a second note indicating that the jury had reached a verdict and that it intended to return the jury to the courtroom to announce the jury's verdict. Defense counsel did not object to the court's intended course of conduct, and his "silence at a time when any error by the court could have been obviated by timely objection renders the [contention] unpreserved" for our review (*Starling*, 85 NY2d at 516).  In any event, there is no merit to defendant's contention.

We agree with defendant, however, that the conviction of grand larceny in the third degree and criminal possession of stolen property in the third degree is not supported by legally sufficient evidence that the value of the stolen property exceeded $3,000.  The value of stolen property is "the market value of the property at the time and

place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime" (Penal Law § 155.20 [1]).  The People therefore were required to establish beyond a reasonable doubt that the value of the stolen property exceeded $3,000.  "The Court of Appeals has unequivocally held that 'a victim must provide a basis of knowledge for his [or her] statement of value before it can be accepted as legally sufficient evidence of such value' " (*People v Gonzalez*, 221 AD2d 203, 204, quoting *People v Lopez*, 79 NY2d 402, 404).  "Conclusory statements and rough estimates of value are not sufficient" (*People v Loomis*, 56 AD3d 1046, 1047; *see People v Selassie*, 166 AD2d 358, 359, *lv denied* 77 NY2d 911).  Although a "victim is competent to supply evidence of original cost" (*People v Stein*, 172 AD2d 1060, 1060, *lv denied* 78 NY2d 975), "evidence of the original purchase price, without more, will not satisfy the People's burden" (*Gonzalez*, 221 AD2d at 204).

Here, the victim testified that the following items were stolen from his apartment:  a laptop computer, a DVD player, a laptop computer cooling device, a wireless mouse, a wireless laptop computer air card, and approximately 150 to 160 DVDs.  The record establishes that the victim purchased the laptop computer in October 2008 for $892.49, and that he purchased the DVD player in September 2007 for $115.49.  Contrary to the contention of defendant, the victim's testimony and supporting bank statements are sufficient to establish the value of the laptop computer.  The victim purchased the laptop computer only nine months before the burglary and it is therefore unlikely that its market value depreciated significantly by the time of the burglary (*see People v Monclova*, 89 AD3d 424, 425, *lv denied* 18 NY3d 861; *see also People v Alexander*, 41 AD3d 1200, 1201, *lv denied* 9 NY3d 920).  As for the DVD player, given the lapse of time between the purchase and the theft as well as the absence of any testimony concerning the condition of the DVD player, we cannot conclude that there is legally sufficient evidence with respect to the value of the DVD player at the time of the burglary (*see Monclova*, 89 AD3d at 424-425; *cf. Alexander*, 41 AD3d at 1201).  With respect to the remaining items of stolen property, there was no evidence presented concerning the purchase price or current value of the property.  Although the victim testified that new DVDs cost "$19 apiece, $20 apiece depending," he did not testify concerning the age or condition of his DVDs, the market value of the DVDs at the time of the theft, or the cost of replacing his DVD collection (*see Gonzalez*, 221 AD2d at 205).  As for the remaining stolen items, the victim provided only "rough estimates of value" (*Loomis*, 56 AD3d at 1047), without setting forth any basis for his estimates (*see Gonzalez*, 221 AD2d at 204-205; *see also People v Watkins*, 233 AD2d 904, 905), and thus the evidence also is legally insufficient to establish the value of those remaining items.  "Consequently, we cannot on this record conclude 'that the jury ha[d] a reasonable basis for inferring, rather than speculating, that the value of the property exceeded the statutory threshold' of $[3],000" (*People v Brink*, 78 AD3d 1483, 1484, *lv denied* 16 NY3d 742, *rearg denied* 16 NY3d 828).  The evidence is legally sufficient, however, to establish that defendant committed the lesser included offenses of grand larceny in the fourth degree (Penal Law § 155.30

[1]) and criminal possession of stolen property in the fourth degree (§ 165.45 [1]).  We therefore modify the judgment accordingly, and we remit the matter to Supreme Court for sentencing on those convictions.

We further agree with defendant that the sentence imposed on the conviction of burglary in the second degree is unduly harsh and severe under the circumstances of this case, and we therefore further modify the judgment by reducing the sentence as a matter of discretion in the interest of justice to an indeterminate term of imprisonment of 16 years to life.

Entered:  June 15, 2012                          Frances E. Cafarell
                                                 Clerk of the Court