Since defendant made only a general motion for a trial order of dismissal, and since the court did not make any ruling that addressed the specific arguments defendant makes for the first time on appeal, defendant’s legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence supports the conclusion that, at the time and place of the theft (see Penal Law § 155.30 [1]), the value of the stolen property exceeded the $1,000 threshold for fourth-degree grand larceny. The evidence included the victim’s testimony that at the time of the theft he had recently bought the computer for more than twice the statutory threshold and that it was in excellent condition at the time of the crime (see People v Geroyianis, 96 AD3d 1641, 1644 [4th Dept 2012] [unlikely that computer’s value depreciated significantly in nine months], lv denied 19 NY3d 996 [2012]; compare People v Monclova, 89 AD3d 424, 425 [2011] [insufficient proof of value of three-year-old computer], lv denied 18 NY3d 861 [2011]).
The court properly denied defendant’s request for a missing witness charge regarding the victim’s mother, because there was no evidence that she could have provided material, *563 noncumulative testimony. The record failed to establish that this witness was in a position to see anything that was relevant to any contested issue (see People v Dianda, 70 NY2d 894 [1987.1; compare People v Kitching, 78 NY2d 532, 538 [1991]). In any event, any error in declining to give the charge was harmless in light of the overwhelming evidence that defendant was the person who took the computer. Concur — Andrias, J.P., Saxe, Moskowitz, Freedman and Abdus-Salaam, JJ.