People v Giles (2023 NY Slip Op 01628)

People v Giles

2023 NY Slip Op 01628

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

283 KA 22-00631

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DWIGHT GILES, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered August 2, 2021. The judgment convicted defendant upon a jury verdict of criminal possession of stolen property in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the conviction of criminal possession of stolen property in the third degree (Penal Law § 165.50) to criminal possession of stolen property in the fourth degree (§ 165.45 [1]) and vacating the sentence imposed and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for sentencing on that conviction.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of stolen property in the third degree (Penal Law § 165.50). This prosecution stems from a burglary with respect to which the victims reported a number of items missing from their home, including a laptop, an electronic tablet, and approximately $750 in cash. Defendant was acquitted of a burglary charge arising from the incident. We agree with defendant that the conviction is not supported by legally sufficient evidence that the value of the stolen property exceeded $3,000 (id.). Although the evidence at trial established that defendant possessed some of the items stolen during the burglary, the People offered no evidence from which the jury could infer without speculation that defendant ever possessed the stolen cash (see generally People v Slack, 137 AD3d 1568, 1569-1570 [4th Dept 2016], lv denied 27 NY3d 1139 [2016]). Thus, even viewing the evidence in a light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]) and assuming, arguendo, that there was sufficient evidence of either the market value or replacement value of the stolen electronic tablet and laptop (see Penal Law § 155.20 [1]; People v Geroyianis, 96 AD3d 1641, 1644 [4th Dept 2012], lv denied 19 NY3d 996 [2012], reconsideration denied 19 NY3d 1102 [2012]), we conclude that the value of the stolen items found in defendant's possession fails to meet the statutory threshold. The evidence is legally sufficient, however, to establish that defendant committed the lesser included offense of criminal possession of stolen property in the fourth degree (see § 165.45 [1]; Geroyianis, 96 AD3d at 1645). We therefore modify the judgment accordingly, and we remit the matter to County Court for sentencing on that conviction. We have reviewed defendant's remaining contentions and conclude that none warrants further modification or reversal of the judgment.
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court