People v Dibble (2026 NY Slip Op 01695)

People v Dibble

2026 NY Slip Op 01695

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

975 KA 24-01063

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vJEFFREY J. DIBBLE, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, EASTON THOMPSON KASPEREK SHIFFRIN LLP (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Kristina Karle, J.), rendered May 8, 2024. The judgment convicted defendant, upon a jury verdict, of assault in the first degree, criminal possession of stolen property in the second degree, grand larceny in the second degree, unlawful fleeing a police officer in a motor vehicle in the second degree and unauthorized use of a vehicle in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of assault in the first degree (Penal Law § 120.10 [4]), criminal possession of stolen property in the second degree (§ 165.52), and grand larceny in the second degree (§ 155.40 [1]), among other offenses. We affirm.
We conclude that, contrary to defendant's contention, the evidence is legally sufficient to establish that the value of the truck, hitch, and trailer he stole exceeded the statutory minimum of $50,000 (see Penal Law §§ 155.40 [1]; 165.52). The value of stolen property is "the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime" (§ 155.20 [1]; see People v Barnes, 139 AD3d 1371, 1374 [4th Dept 2016], lv denied 28 NY3d 926 [2016]), and "a victim must provide a basis of knowledge for [the victim's] statement of value before it can be accepted as legally sufficient evidence of such value" (People v Lopez, 79 NY2d 402, 404 [1992]; see People v Morgan, 111 AD3d 1254, 1257 [4th Dept 2013]). "Conclusory statements and rough estimates of value are not sufficient" (People v Loomis, 56 AD3d 1046, 1047 [3d Dept 2008]; see People v Slack, 137 AD3d 1568, 1569 [4th Dept 2016], lv denied 27 NY3d 1139 [2016]; Morgan, 111 AD3d at 1257).
Here, one of the partners of the dairy farm from which the items were stolen, who was present for the purchases of all items and had a "basis for [his] knowledge of the value of . . . the items" (People v Hensley, 227 AD3d 1548, 1551 [4th Dept 2024]; see Lopez, 79 NY2d at 404), testified that the stolen truck had been purchased several months before the theft for approximately $48,000. On the date of the theft, the truck had only 5,000 miles on its odometer and was still in pristine condition. A new truck, which was the same make and model as the stolen truck, was purchased shortly after the theft for $58,500. The hitch, which was purchased at the same time as the truck, cost approximately $1,500. The truck and the hitch were "in 'like-new' condition" (People v Sloan, 159 AD2d 301, 302 [1st Dept 1990], lv denied 76 NY2d 743 [1990]). The cattle trailer was purchased around 2013 for approximately $25,000, and the witness testified that it was appraised for tax purposes at $10,000 to $12,000 just months before the theft, which is sufficient to establish the requisite " 'basis of knowledge' for [the] witness's 'statement of value' " (People v Guarnieri, 122 AD3d 1078, 1079 [3d Dept 2014], quoting [*2]Lopez, 79 NY2d at 404). Viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), the evidence regarding valuation provided a valid line of reasoning and permissible inferences from which a rational jury could conclude that the value of the truck, hitch, and trailer exceeded $50,000 (see People v Raszl, 108 AD3d 1049, 1050 [4th Dept 2013]; People v Monclova, 89 AD3d 424, 425 [1st Dept 2011], lv denied 18 NY3d 861 [2011]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We further conclude that the evidence is legally sufficient to support the conviction of assault in the second degree (cf. People v Spencer, 181 AD3d 1257, 1259 [4th Dept 2020], lv denied 35 NY3d 1029 [2020]; see generally People v Ford, 11 NY3d 875, 878 [2008]; People v Sala, 95 NY2d 254, 260 [2000]; Bleakley, 69 NY2d at 495).
Defendant further contends that County Court erred in denying his motion seeking dismissal of the indictment under CPL 30.30 or sanctions pursuant to CPL 245.80 based on alleged discovery violations. We reject that contention. Although the People promptly disclosed surveillance camera footage from four cameras at the dairy farm, which depicted defendant and his theft, there was an excessive delay in disclosing the fact that there were six other cameras at the farm that may have contained footage from the day of the incident. However, inasmuch as the footage in question was not in the possession, custody, or control of the police or the People when the initial certificate of compliance was filed, that footage was not subject to automatic discovery under CPL 245.20 (former [1]) (see People v Radford, 237 AD3d 1511, 1512 [4th Dept 2025], lv denied 43 NY3d 1048 [2025]; People v Walker, 232 AD3d 1214, 1217 [4th Dept 2024], lv denied 42 NY3d 1082 [2025]). Consequently, the People's initial failure to provide the footage does not render the initial certificate of compliance improper, and thus the People's statement of readiness was not illusory.
In any event, considering the various Bay factors (see People v Bay, 41 NY3d 200, 212 [2023]), we conclude that the court did not err in determining that the People met their burden of establishing that they exercised due diligence in obtaining the videos and disclosing the existence of the additional cameras. " '[I]t would not have been particularly obvious to the People that [any additional footage] was missing,' " given the conflicting information they received from the owners of the dairy farm (People v Rojas-Aponte, 242 AD3d 1537, 1540 [4th Dept 2025], lv denied 44 NY3d 1086 [2026]). Applying "a holistic assessment of the People's efforts to comply with the automatic discovery provisions, rather than a strict item-by-item test" (People v Cooperman, 225 AD3d 1216, 1220 [4th Dept 2024], citing Bay, 41 NY3d at 212-213), we conclude that the People complied with their obligations under CPL article 245 and that the court did not err in refusing to dismiss the indictment pursuant to CPL 30.30 or otherwise impose a sanction on the People pursuant to CPL 245.80.
Defendant failed to preserve for our review his contention that the Supreme Court's holding in Erlinger v United States (602 US 821 [2024]) renders unconstitutional New York's recidivist sentencing regime (see People v Hernandez, 43 NY3d 591, 597-598 [2025]; People v Daniels, 239 AD3d 1442, 1442-1443 [4th Dept 2025], lv denied 44 NY3d 982 [2025]; see generally People v Cabrera, 41 NY3d 35, 42-46 [2023]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Emanuel, 240 AD3d 1324, 1327 [4th Dept 2025], lv denied 44 NY3d 993 [2025]; Daniels, 239 AD3d at 1443).
We have reviewed defendant's remaining contention and conclude that it lacks merit.
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court