■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO RODRIGUEZ, Appellant. [895 NYS2d 94]—

Judgment, Supreme Court, New York County (Arlene Goldberg, J., at suppression hearing, Gregory Carro, J., at plea and sentence), rendered April 23, 2008, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of nine years, unanimously affirmed.

The court properly denied defendant's suppression motion. While conducting surveillance of a sixth floor apartment known to be a distribution point for drugs and firearms, the arresting officer observed defendant stealthily approach from the floor below, silently directing his companion's movements and carrying a latex glove. The officer knew such gloves had been used in home invasion robberies, and believed the apartment under surveillance to be a potential target for a robbery. The officer observed that the right side of defendant's waistband appeared

to be weighed down by a concealed object (*see People v Benjamin,* 51 NY2d 267, 271 [1980] ["it may almost be considered common knowledge, that a handgun is often carried in the waistband"]), and watched as defendant readjusted his pants several times. Upon seeing the officer, defendant turned sharply, positioned his body in an unmistakable effort to conceal the object in his waistband (*see People v Flores,* 226 AD2d 181 [1996], *lv denied* 88 NY2d 985 [1996] [effort to conceal bulge heightened suspicion]), and then retreated. Each of these circumstances, when viewed in isolation, might be considered innocuous, but when viewed in totality they provided reasonable suspicion of criminality that justified the officer's actions in detaining defendant and removing a revolver from his waistband (*see Benjamin,* 51 NY2d at 271). Finally, defendant's statement at the scene was not the product of custodial interrogation requiring *Miranda* warnings (*see People v Johnson,* 59 NY2d 1014 [1983]; *People v Huffman,* 41 NY2d 29, 33 [1976]; *see also People v Bennett,* 70 NY2d 891 [1987]).

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Nardelli, Catterson, DeGrasse and Manzanet-Daniels, JJ.