THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON WHITE, Appellant. [980 NYS2d 383]—

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determi-

nations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The totality of the information available to the police justified the police actions, even though certain pieces of the information, viewed in isolation, may have had an innocent explanation (*see e.g. People v Rodriguez*, 71 AD3d 436 [2010], *lv denied* 15 NY3d 756 [2010]).

The police lawfully stopped a car in which defendant was a front-seat passenger. The car was being driven by a codefendant, and another codefendant was sitting in the back seat. An officer saw the back-seat passenger looking back at the police car and then ducking down, lifting his arm up and down in an attempt to stuff something under the seat of the car, suggesting the possibility of a weapon being present. The driver's suspicious disclaimer of having a firearm raised the level of suspicion. When the police lawfully ordered the three men out of the car, they noticed that defendant was nervous and breathing very heavily. When an officer then agreed to defendant's request to put his cell phone down, defendant reached down towards his right side, outside of the officer's view, rather than his left side where there was a cell phone clip. This gesture, viewed in context of all the preceding factors, strongly indicated a threat to the officer's safety (*see People v Nelson*, 67 AD3d 486 [1st Dept 2009]). Therefore, the officer lawfully grabbed defendant's hand as a self-protective measure (*see People v Campbell*, 293 AD2d 396 [1st Dept 2002], *lv denied* 98 NY2d 695 [2002]), and lawfully patted the part of defendant's waistband that defendant had reached for (*see People v Allen*, 42 AD3d 331 [1st Dept 2007], *affd* 9 NY3d 1013 [2008]). Upon feeling the handle of a revolver, the officer properly removed it and frisked defendant's other side, where he found a second revolver.

Since defendant's frisk and arrest were lawful, and the police had reason to believe that evidence relevant to the crime might be found in the car, particularly in light of the codefendant's attempt to hide something under the back seat, the police lawfully searched the car and recovered additional handguns and ammunition (*see e.g. Arizona v Gant*, 556 US 332 [2009]).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Acosta, Andrias, Freedman and Feinman, JJ.