■ The People of the State of New York, Respondent, v Elijah Feldman, Appellant. [981 NYS2d 74]—

Judgment, Supreme Court, New York County (Edward J. Mc-Laughlin, J.), rendered October 20, 2010, convicting defendant, upon his plea of guilty, of attempted robbery in the first degree, criminal possession of a weapon in the second degree (two counts), criminal impersonation in the first degree, unlawful wearing of a body vest, and unlawful use of a police uniform or emblem, and sentencing him, as a second violent felony offender, to an aggregate term of seven years, unanimously affirmed.

The court properly denied defendant's suppression motion. As an initial matter, there is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). On appeal, defendant, who was a passenger in a car that was observed committing traffic infractions, does not challenge the police officers' right to stop and approach the car, nor does he contest the propriety of the officer's direction that he get out of the car. Rather, he contends that the officer was unjustified in frisking him because there was no reasonable suspicion to believe that he was armed or had been or was about to be involved in criminal activity. Even though some of the circumstances, when viewed in isolation, might be considered innocuous, the totality of the information available to the police justified the frisk of defendant (*see e.g. People v Rodriguez*, 71 AD3d 436 [2010], *lv denied* 15 NY3d 756 [2010]). The police officer's earlier observation of defendant's furtive motions in attempting to stuff

something under the passenger seat, and the officer's confirmation, before the frisk, that something was protruding from under the passenger seat, when considered in the context of the physical struggle the officer observed transpiring between his partner and the driver, caused the officer to reasonably fear for his safety and reasonably believe that defendant might possess a weapon (*see People v Mundo*, 99 NY2d 55, 59 [2002] [defendant appearing to place something underneath his seat, in conjunction with other factors, supported finding that there was "an actual and specific danger" to the officer's safety]; *see also People v Newman*, 96 AD3d 34 [1st Dept 2012], *lv denied* 19 NY3d 999 [2012]; *People v Anderson*, 17 AD3d 166 [1st Dept 2005]). Thus, the protective frisk of defendant that revealed that he was wearing a bulletproof vest was lawful, as were the ensuing police actions, which led to the recovery of a firearm and other evidence. Concur—Tom, J.P., Acosta, Andrias, Freedman and Feinman, JJ.