People v Rodriguez (2018 NY Slip Op 03153)





People v Rodriguez


2018 NY Slip Op 03153


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2013-05041
 (Ind. No. 7111/11)

[*1]The People of the State of New York, respondent,
v
William Rodriguez, appellant.


Seymour W. James, Jr., New York, NY (David Crow of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Rebecca L. Visgaitis of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wayne Ozzi, J.), rendered May 1, 2013, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Bruce M. Balter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant was a passenger in a car that was stopped for a traffic violation. When one of the officers effectuating the stop approached the passenger side of the car where the defendant was sitting, the officer saw the defendant quickly move his hand from his right shoulder to his left hip area. The officer also saw that the defendant was breathing heavily and not making eye contact, and that the defendant had an oddly wrapped package on his lap. Fearing for his and his fellow officers' safety, the officer held the defendant's hands as he ordered the defendant out of the car. As the defendant stepped out, the package that had been on his lap fell to the ground, exposing the butt end of a gun. The defendant was then arrested, and a gun and ammunition were seized from the package. The defendant moved, inter alia, to suppress the gun and ammunition on the ground that the officer violated his constitutional rights. The Supreme Court denied that branch of the omnibus motion, and the defendant was subsequently convicted, upon a jury verdict, of criminal possession of a weapon in the second degree. The defendant appeals.
Contrary to the defendant's contention, the officer's actions did not violate his constitutional rights, and the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the physical evidence. Upon the lawful traffic stop of the car in which the defendant was a passenger, the officer was permitted to direct the defendant to step out of the car, regardless of whether he had any particularized suspicion that the defendant was armed or had committed a crime (see People v Garcia, 20 NY3d 317, 321). Further, given the officer's observations of the defendant's furtive behavior while still seated in the vehicle, which included a quick arm movement in the direction of the defendant's hip area, heavy breathing, and a lack of eye contact, the officer had a sufficient and reasonable basis for a level three intrusion under People v De Bour (40 NY2d 210) (see People v Diaz, 146 AD3d 803, 805; People v Alejandro, 142 AD3d [*2]876, 876; People v Patron, 141 AD3d 545, 545-546; People v White, 113 AD3d 532, 533; People v Grant, 83 AD3d 862, 863). Holding the defendant's hands while he exited the car was a permissible and minimally intrusive way to ensure the safety of all of the officers involved in the traffic stop, as it prevented the defendant from accessing the package on his lap (cf. People v Foster, 85 NY2d 1012, 1014; People v Allen, 73 NY2d 378, 380; People v White, 113 AD3d at 533; People v Campbell, 293 AD2d 396, 396-397).
SCHEINKMAN, P.J., DILLON, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court