OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
In the course of jury selection, the prosecutor peremptorily challenged three prospective jurors, two black, one white; the black jurors were the only black venirepersons in the 35 member jury pool. Defendant contended that the prosecutor’s use of peremptory challenges to excuse them violated the *1015 Equal Protection Clause of the Federal Constitution (US Const 14th Amend; see, Hernandez v New York, 500 US —, 111 S Ct 1859, affg 75 NY2d 350; Batson v Kentucky, 476 US 79). Inasmuch as defendant, who is black, made a prima facie showing of discrimination, the prosecutor bore the burden of coming forward with a racially neutral reason for the strikes (see, People v Bolling, 79 NY2d 317, 320). The prosecutor represented to the trial court that peremptory challenges were directed at these three jurors because they indicated that they were aware of the location of the street where the drug offenses with which defendant was charged allegedly occurred, and that as a matter of practice she excused jurors who were familiar with or knowledgeable about the crime location. We note that the reason given by the prosecutor excluded majority, as well as minority, members of the venire, that it revealed no inherently discriminatory intent, and hence is facially race-neutral (see, Hernandez v New York, 500 US, at —, 111 S Ct, at 1867, supra). That the prosecutor’s explanation is not simply a pretext for discrimination is also borne out by defense counsel’s concession on two occasions before the trial court that the prosecutor was not racially motivated. Thus, Supreme Court’s determination, affirmed by the Appellate Division, that defendant failed to prove discriminatory intent is supported by the record (see, People v Hernandez, 75 NY2d 350, 357, affd 500 US —, 111 S Ct 1859, supra; Batson v Kentucky, supra, at 98, n 21).
Chief Judge Wachtler and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Yesawich, Jr.,* concur; Judge Simons taking no part.
Order affirmed in a memorandum.

 Designated pursuant to NY Constitution, article VI, § 2.