■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASSAN MIRANDA, Appellant. [637 NYS2d 449] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered January 3, 1994, convicting him of robbery in the first degree (three counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and coercion in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant raises Batson issues (see, Batson v Kentucky, 476 US 79) regarding the People's peremptory challenges to six black prospective jurors. Even assuming that the defendant established a prima facie showing that the prosecution had exercised its peremptory challenges in a discriminatory manner, we find no impropriety in the trial court's finding that the prosecutor's explanations for the peremptory challenges in question were racially neutral and not pretextual (see, People v Hernandez, 75 NY2d 350, affd 500 US 352).

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion by discharging a juror who was sick and replacing him with the first alternate juror. The court's on-the-record telephone conversation with the discharged juror supports its conclusions that, notwithstanding the juror's statement that he would attempt to return to court the following day, he probably would not be well enough to serve and he might infect the other jurors. In light of these and other circumstances, including a prior adjournment because of another sick juror, the discharge of the juror does not warrant reversal (*see, People v Page*, 72 NY2d 69, 73; *see also, People v Ortiz*, 194 AD2d 313). Bracken, J. P., Altman, Hart and Goldstein, JJ., concur.