■ The People of the State of New York, Respondent, v Monique Ingram, Appellant. [795 NYS2d 592]—

Judgment, Supreme Court, Bronx County (Megan Tallmer, J., at hearing; Richard Lee Price, J., at jury trial and sentence), rendered February 7, 2003, convicting defendant of assault in the first degree, and sentencing her to a term of 12 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of six years, and otherwise affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations (*see People v Prochilo*, 41 NY2d 759, 761 [1977]), including its resolution of a discrepancy between a detective's testimony on direct and cross-examination.

Defendant's confession was not the product of an unlawful detention. The record supports the hearing court's finding that defendant voluntarily accompanied detectives to the police station for the purpose of assisting in an investigation of her baby's injuries, and that she was not in custody at the time she made the confession (*see People v Morales*, 42 NY2d 129, 137-138

[1977], *cert denied* 434 US 1018 [1978]). Given the totality of the circumstances, a reasonable innocent person in defendant's position would not have thought she had been seized by the police (*see People v Centano*, 76 NY2d 837 [1990]; *People v Yukl*, 25 NY2d 585, 590-592 [1969], *cert denied* 400 US 851 [1970]). Defendant was never handcuffed or otherwise restrained, and she was left alone in an unlocked room for periods of time (*see e.g. People v Rivera*, 7 AD3d 358 [2004], *lv denied* 3 NY3d 741 [2004]). Furthermore, there was nothing about the police questioning to suggest to defendant that she had been taken into custody. The record supports the hearing court's conclusion that custody commenced only after defendant made an inculpatory statement.

The record also supports the hearing court's finding that defendant never made an unequivocal assertion of her right to remain silent (*see People v Hendricks*, 90 NY2d 956 [1997]; *see also Davis v United States*, 512 US 452, 459-460 [1994]). At the end of the *Miranda* warnings, when the detective asked defendant if she wanted to speak to the police, defendant answered in the negative but immediately asked what the question meant. When the detective gave an explanation in which he reiterated that defendant was not obligated to speak to the police, defendant agreed to answer questions.

We find the sentence excessive to the extent indicated.

We have considered and rejected defendant's remaining claims, including those contained in her pro se supplemental brief. Concur—Buckley, P.J., Tom, Mazzarelli, Ellerin and Gonzalez, JJ.