■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE PLATT, Appellant. [803 NYS2d 569]—

Application by the defendant for a writ of error coram nobis to vacate a decision and order of this Court dated November 18, 2002 (*People v Platt,* 299 AD2d 496 [2002]), affirming a judgment of the Supreme Court, Kings County, rendered May 15, 2000, on the ground of ineffective assistance of counsel. By decision and order of this Court dated March 1, 2004, the appellant was granted leave to serve and file a brief on the issues of whether the court erred in discharging a juror over the defense counsel's objection and in failing to give the defense counsel an opportunity to be heard in connection with notes sent by jurors for clarification of a charge, and the coram nobis application was held in abeyance in the interim. The parties have now filed their respective briefs.

Ordered that the application is denied.

The appellant contends, inter alia, that the appellate counsel's failure to raise on appeal the trial court's alleged error in discharging a sworn juror over the defense counsel's objection constituted ineffective assistance of appellate counsel. This contention is without merit. Contrary to the appellant's contention, the trial court providently exercised its discretion in replacing the sworn juror after conducting a "reasonably thorough inquiry" (CPL 270.35 [2]) into the juror's unavailability, affording the parties an opportunity to be heard, and placing the facts and reasons for its determination on the record (*see* CPL 270.35 [2] [a], [b]; *People v Jeanty,* 94 NY2d 507 [2000]; *People v Merritt,* 299 AD2d 370 [2002]; *People v Miranda,* 223 AD2d 728 [1996]). The trial court reasonably determined that the juror would be unavailable for more than two hours, as the juror advised the court clerk that he was going to visit his doctor after experiencing a severe allergy attack, and that he "might" appear in court the following day (*see People v Jeanty, supra*). Therefore, appellate counsel's failure to raise on appeal the trial court's alleged error in discharging a sworn juror over the

defense counsel's objection did not constitute ineffective assistance of appellate counsel.

The appellant's remaining contentions are without merit. Cozier, J.P., Ritter, Spolzino and Skelos, JJ., concur.