Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered October 18, 2010, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 13 years to be followed by a five-year period of postrelease supervision.
Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of 13 years followed by a five-year period of postrelease supervision to a determinate term of imprisonment of nine years followed by a five-year period of postrelease supervision; as so modified, the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of criminal possession of a weapon in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we *983 nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of criminal possession of a weapon in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that the prosecutor made improper comments during summation is unpreserved for appellate review, since defense counsel did not object to the comments the defendant now challenges on appeal, and we decline to reach the contention in the exercise of our interest of justice jurisdiction (see CPL 470.05 [2]).
The defendant was not deprived of the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]).
Under the circumstances of this case, the sentence imposed was excessive to the extent indicated (see People v Suitte, 90 AD2d 80 [1982]).
Rivera, J.P, Lott, Roman and Hinds-Radix, JJ., concur.