■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AZEEZE YUSUF, Appellant. [987 NYS2d 899]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered March 13, 2008, convicting him of assault in the second degree, endangering the welfare of a child, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

To the extent that the defendant contends that the evidence was legally insufficient to establish his intent to cause the complainant physical injury so as to support his conviction of assault in the second degree, that contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Campbell*, 83 AD3d 729, 729-730 [2011]). In any event, viewing the evidence in the light most

favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant intended to cause physical injury to the complainant and his guilt of assault in the second degree (*see* Penal Law §§ 10.00 [9]; 120.05 [2]; *People v King*, 85 AD3d 820 [2011]; *People v Britton*, 49 AD3d 893 [2008]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the Supreme Court properly denied his *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]). The Supreme Court's determination that the explanations proffered by the People for exercising peremptory challenges to two black venirepersons were not pretextual is entitled to great deference on appeal and will not be disturbed where, as here, it is supported by the record (*see Snyder v Louisiana*, 552 US 472, 477 [2008]; *People v Simmons*, 79 NY2d 1013, 1015 [1992]; *People v Hurdle*, 106 AD3d 1100, 1101 [2013]).

Contrary to the defendant's contention, under the circumstances of this case, where the complainant's bias, hostility, and motive to lie were apparent to the jury through other means, the defendant was not deprived of his right to confront witnesses as a result of the Supreme Court's preclusion of certain lines of questioning during the cross examination of the complainant (*see People v Corby*, 6 NY3d 231, 234-236 [2005]; *People v McMahon*, 248 AD2d 642, 643 [1998]).

The defendant's challenge to various remarks made by the prosecutor during summation is unpreserved for appellate review, as the defendant failed to object to any of the challenged summation remarks (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Jeudy*, 115 AD3d 982, 983 [2014]). In any event, the remarks were either fair comment on the evidence and the reasonable inferences to be drawn therefrom or responsive to defense counsel's summation (*see People v Bridges*, 114 AD3d 960 [2014]; *People v Wingfield*, 113 AD3d 798, 799 [2014]; *People v Hawley*, 112 AD3d 968, 969 [2013]).

The defendant's contention that the sentence imposed was improperly based on crimes of which he was acquitted is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Jorgensen*, 113 AD3d 793, 795 [2014]; *People v Harris*, 101 AD3d 900 [2012]). In any event, the contention is without merit.

The sentence imposed was not excessive (*see People v Suitte*,

90 AD2d 80 [1982]). Mastro, J.P., Leventhal, Lott and Miller, JJ., concur.