# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

369
KA 14-00473
PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JESSE J. BARNES, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered February 14, 2014. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree (two counts), grand larceny in the third degree (two counts), grand larceny in the fourth degree (two counts) and criminal mischief in the third degree (two counts).

It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is modified on the law by reducing the conviction of grand larceny in the third degree under count two of the indictment to petit larceny, and striking the language "and family" from the orders of protection, and as modified the judgment is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following retrial upon a jury verdict of, inter alia, two counts of burglary in the second degree (Penal Law § 140.25 [2]), two counts of grand larceny in the third degree (§ 155.35 [1]), and two counts of criminal mischief in the third degree (§ 145.05 [2]) and, in appeal No. 2, he appeals from the resentence imposed on that conviction.

We reject defendant's contention that County Court committed an *O'Rama* violation that constituted a mode of proceedings error (*see People v O'Rama*, 78 NY2d 276-278; *see generally* CPL 310.30). It is well settled that "not all *O'Rama* violations constitute mode of proceedings errors . . . The only errors that require reversal in the absence of preservation are those that go to the trial court's 'core responsibilities' under CPL 310.30, such as giving notice to defense counsel and the prosecutor of the contents of a jury note" (*People v Kahley*, 105 AD3d 1322, 1323). Here, we conclude that there was no *O'Rama* violation inasmuch as it is undisputed that the court provided

the jury note to counsel without the jury present, and counsel was able to respond before the jury was in the courtroom.  Likewise, it was not a mode of proceedings error to fail to fully respond to the jury's note seeking testimony about surveillance prior to taking the verdict, inasmuch as the jury could have resolved that factual issue on its own without further input from the court (*see People v Albanese*, 45 AD3d 691, 692, *lv denied* 10 NY3d 761; *People v Sanders*, 227 AD2d 506, 506, *lv denied* 88 NY2d 994).

We reject defendant's further contention that the indictment should be dismissed because he was required to wear restraints and prison clothes when he testified before the grand jury.  We conclude that the prosecutor's cautionary instruction to the grand jurors, which admonished them from drawing any negative inferences from the fact that defendant was in custody, was "sufficient to dispel any potential prejudice to defendant" (*People v Cotton*, 120 AD3d 1564, 1565, *lv denied* ___ NY3d ___ [Mar. 2, 2016] [internal quotation marks omitted]; *see People v Burroughs*, 108 AD3d 1103, 1106, *lv denied* 22 NY3d 995; *People v Muniz*, 93 AD3d 871, 872, *lv denied* 19 NY3d 965, *reconsideration denied* 19 NY3d 1028).

Contrary to defendant's assertion, the court did not abuse its discretion when it required that he be restrained by a stun belt during trial.  "[A] stun belt may not be required unless the trial court makes findings on the record showing that the particular defendant before him needs such a restraint.  A formal hearing may not be necessary, but the trial court must conduct a sufficient inquiry to satisfy itself of the facts that warrant the restraint.  Where it does so, a trial court has broad discretion in deciding whether a restraint is necessary for courtroom security" (*People v Buchanan*, 13 NY3d 1, 4).  On this record, we conclude that the court conducted a sufficient inquiry to satisfy itself of facts warranting use of the restraint.

Defendant's claim that the search warrant was issued without probable cause also is without merit.  "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place" (*People v Bigelow*, 66 NY2d 417, 423-424, citing *People v McRay*, 51 NY2d 594, 602).  Further, "[p]robable cause may be supplied, in whole or part, through hearsay information . . . , [and] an informant's basis of knowledge may be verified by police investigation that corroborates the defendant's actions or that develops information consistent with detailed predictions by the informant" (*id.* at 423-424).  Here, the record reflects that the information received through an informant connecting defendant to the searched premises was independently corroborated by the investigator and was sufficient to support a reasonable belief that evidence of a crime could be found at the premises.  The court also properly denied defendant's motion for a *Franks/Alfinito* hearing (*see Franks v Delaware*, 438 US 154; *People v Alfinito*, 16 NY2d 181) because defendant failed to make " 'a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard of the truth, was included by the affiant in the warrant

affidavit, and . . . [that such] statement [was] necessary to the finding of probable cause' " (*People v Binion*, 100 AD3d 1514, 1514-1515, *lv denied* 21 NY3d 911).

Defendant contends that he was deprived of a fair trial by various instances of alleged prosecutorial misconduct. Defendant failed to object to most of those instances, however, and thus failed to preserve his contention for our review with respect to them (*see People v Torres*, 125 AD3d 1481, 1484, *lv denied* 25 NY3d 1172). In any event, we conclude that the alleged instances of misconduct, both preserved and unpreserved, " 'were not so pervasive or egregious as to deprive defendant of a fair trial' " (*id.; see People v Weaver*, 118 AD3d 1270, 1270, *lv denied* 24 NY3d 965; *cf. People Griffin*, 125 AD3d 1509, 1511-1512).

We agree with defendant, however, that the evidence is not legally sufficient to support the conviction with respect to grand larceny in the third degree under count two of the indictment because there is insufficient evidence that the value of the property stolen was $3,000 or more (*see* Penal Law § 155.35 [1]; *see also People v Morgan*, 111 AD3d 1254, 1257; *People v Geroyianis*, 96 AD3d 1641, 1644-1645, *lv denied* 19 NY3d 996, *reconsideration denied* 19 NY3d 1102). Nevertheless, the evidence is legally sufficient to establish that defendant committed the lesser included offense of petit larceny (§ 155.25), and we therefore modify the judgment accordingly and modify the resentence by vacating the resentence imposed under count two of the indictment, and we remit the matter to County Court for sentencing on that count (*see Geroyianis*, 96 AD3d at 1645).

Contrary to defendant's assertion, the evidence is legally sufficient to support the conviction with respect to criminal mischief in the third degree under count five of the indictment inasmuch as replacement cost is a legally sufficient basis to establish the requisite value of the property (*see* Penal Law § 155.20 [1]).

Finally, defendant contends, and the People concede, that the orders of protection are overly broad and should be modified. We agree, and we therefore modify the judgment by removing from the orders of protection the words "and family."

Entered:  May 6, 2016                        Frances E. Cafarell
                                             Clerk of the Court