**SUPREME COURT OF THE STATE OF NEW YORK**
*Appellate Division, Fourth Judicial Department*

577
KA 15-01152
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

KATHRYN V. SMITH, DEFENDANT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered January 29, 2015.  The judgment convicted defendant, upon a jury verdict, of burglary in the first degree, burglary in the second degree and robbery in the second degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting her following a jury trial of burglary in the first degree (Penal Law § 140.30 [4]), burglary in the second degree (§ 140.25 [2]), and three counts of robbery in the second degree (§ 160.10 [1]).  The charges arose from two residential burglaries committed by defendant, her boyfriend and several other accomplices, one of whom cooperated with the prosecution and testified against defendant at trial. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant's contention is based largely on her assertion that the accomplice testimony is incredible as a matter of law.  "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]), and we perceive no reason to disturb the jury's resolution of those issues in this case.

We reject defendant's further contention that she unequivocally invoked her right to remain silent and that County Court therefore erred in refusing to suppress her statements to the police.  Affording deference to the court's determination, which is supported by the

record, and viewing defendant's alleged invocation of the right to silence in context, we conclude that defendant did not unequivocally invoke her right to silence (*see People v Zacher*, 97 AD3d 1101, 1101, *lv denied* 20 NY3d 1015).  Defendant failed to preserve for our review her further contention that the court erred in instructing the jury with respect to the count of burglary in the first degree (*see* CPL 470.05 [2]), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Contrary to defendant's further contention, because it was not legally impossible for the jury to convict her of burglary in the first degree and acquit her of robbery in the first degree, as charged by the court, the verdict with respect to those counts is not repugnant (*see People v Muhammad*, 17 NY3d 532, 539-540; *People v James*, 112 AD2d 380, 381-382).

Finally, contrary to defendant's contentions, the court did not abuse its discretion in refusing to afford her youthful offender status (*see People v Middlebrooks*, 25 NY3d 516, 527), and her sentence is not unduly harsh or severe.