■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AZEEM PATRON, Appellant. [35 NYS3d 243]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garnett, J.), rendered May 30, 2013, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Gary, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court improvidently exercised its discretion in permitting the People to resubmit the case to a second grand jury panel after the first grand jury could not muster 12 votes either to indict the defendant or dismiss the charges against him is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Brown*, 81 NY2d 798 [1993]). In any event, the contention is without merit, since the first grand jury's inability to either indict or dismiss was a legitimate reason for the new submission, and "the underlying circumstances do not provide clear indication that the first grand jury's decisional authority was being subverted" (*People v Credle*, 17 NY3d 556, 562 [2011]; *see People v Pryor*, 5 AD3d 222 [2004]).

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the gun recovered from his person during a traffic stop. The police officer's testimony at the suppression hearing established that the police had authority to stop the livery cab in which the defendant was a passenger based on the driver's failure to signal while changing lanes (*see People v Davis*, 103 AD3d 810, 811 [2013]; *People v Grant*, 83 AD3d 862, 863 [2011]). Upon making the valid traffic stop, the officer had discretion to order the defendant to exit the vehicle (*see People v Robinson*, 74 NY2d 773, 774 [1989]). Further, given the defendant's behavior while still seated in the vehicle, which included the defendant making a "dipping motion" by leaning over to his right, and then, upon exiting the car, trying to avoid showing the officer the

right side of his body, the officer had a sufficient and reasonable basis to conduct a pat down search of the defendant's waistband and to remove the gun found therein (*see* CPL 140.50 [3]; *People v Grant*, 83 AD3d at 863).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Contrary to the defendant's contention, the testimony of the People's witnesses was not incredible (*see People v Barber*, 133 AD3d 868 [2015]; *People v Marcus*, 112 AD3d 652 [2013]).

The defendant's challenge to various remarks made by the prosecutor during summation is unpreserved for appellate review, as the defendant failed to object to any of the challenged summation remarks (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Yusuf*, 119 AD3d 619 [2014]; *People v Jeudy*, 115 AD3d 982, 983 [2014]). In any event, the remarks were either fair comment on the evidence and the reasonable inferences to be drawn therefrom, or responsive to defense counsel's summation (*see People v Bridges*, 114 AD3d 960 [2014]; *People v Wingfield*, 113 AD3d 798, 799 [2014]; *People v Hawley*, 112 AD3d 968, 969 [2013]).

The defendant's remaining contention is without merit. Chambers, J.P., Hall, Austin and Barros, JJ., concur.