■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TALARICO YOUNG, Appellant. [61 NYS3d 752]—

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered April 29, 2014. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and perjury in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]). Defendant contends that County Court should have suppressed all of his statements to the police, and not just a portion thereof, because he invoked his right to counsel and his right to remain silent at several points during the police interrogation. We reject that contention. The court properly determined that defendant did not make at any time an unequivocal request for the assistance of an attorney during the interrogation (*see People v Glover*, 87 NY2d 838, 839 [1995]; *People v Schluter*, 136 AD3d 1363, 1364 [2016], *lv denied* 27 NY3d 1138 [2016]; *People v Davis*, 193 AD2d 1142, 1142 [1993]). The court also properly determined that defendant did not invoke his right to remain silent until approximately 6:38 p.m., and all statements thereafter were suppressed. " 'It is well settled . . . that, in order to terminate questioning, the assertion by a defendant of his right to remain silent must be unequivocal and unqualified' " (*People v Zacher*, 97 AD3d 1101, 1101 [2012], *lv denied* 20 NY3d 1015 [2013]). Although defendant initially indicated when he was given the *Miranda* warnings that he did not want to talk to the officers, he then asked them "what's going on" and, when one of the officers repeated the warnings, defendant waived them and indicated that he was willing to talk to the officers. Under the circumstances, we conclude that, contrary to defendant's contention, he waived his *Miranda* rights and did not make an unequivocal assertion of his right to remain silent at that time (*see People v Ingram*, 19 AD3d 101, 102 [2005], *lv denied* 5 NY3d 806 [2005]; *see also People v Valverde*, 13 AD3d 658, 659 [2004], *lv denied* 4 NY3d 836 [2005]). In any event, we conclude that any error is harmless. The evidence of defendant's guilt is overwhelming, and there is no reasonable possibility that any error in admitting defendant's statements contributed to his conviction (*see People v Reid*, 34 AD3d 1273, 1273 [2006], *lv denied* 8 NY3d 884 [2007]; *see generally People v Crimmins*, 36 NY2d 230, 237 [1975]).

Contrary to defendant's contention, the court properly denied his *Batson* challenge. Defendant failed to meet his burden of making out a prima facie case of "purposeful discrimination with respect to the prosecutor's exercise of a peremptory challenge to a black prospective juror" inasmuch as he failed to articulate "any facts or circumstances that would raise an inference that the prosecutor excused the prospective juror for an impermissible reason" (*People v Bryant*, 12 AD3d 1077, 1079 [2004], *lv denied* 4 NY3d 761 [2005]).

Defendant contends that he was denied a fair trial by several instances of alleged prosecutorial misconduct. Defendant objected to only two instances of alleged misconduct, thereby rendering the remaining instances unpreserved for our review (*see People v Barnes*, 139 AD3d 1371, 1374 [2016], *lv denied* 28 NY3d 926 [2016]). We note that, in any event, none of the unpreserved instances constitutes misconduct. Specifically, we conclude that the prosecutor did not engage in misconduct during his opening remarks, and he did not violate the court's suppression ruling. In addition, all of the unpreserved instances of alleged misconduct during summation were either fair comment on the evidence or fair response to defense counsel's summation (*see People v Carducci*, 143 AD3d 1260, 1262 [2016], *lv denied* 28 NY3d 1143 [2017]; *People v McEathron*, 86 AD3d 915, 916 [2011], *lv denied* 19 NY3d 975 [2012]).

Turning to the two preserved instances of alleged misconduct, we agree with defendant that a comment by the prosecutor during summation constituted impermissible burden-shifting (*see People v LaPorte*, 306 AD2d 93, 96 [2003]). The court, however, instructed the jury after defendant's objection that defendant did not have the burden of proof, and that instruction alleviated any prejudice to defendant (*see People v Green*, 144 AD3d 589, 590 [2016], *lv denied* 28 NY3d 1184 [2017]). We further agree with defendant that the prosecutor improperly denigrated the defense and defense counsel during summation (*see People v Morgan*, 111 AD3d 1254, 1255 [2013]). Thus, the prosecutor engaged in two instances of misconduct, one of which was addressed by the court's instruction of the jury, but we conclude that such misconduct was not so pervasive or egregious as to deny defendant a fair trial (*see Barnes*, 139 AD3d at 1374).

Defendant further contends that he was denied effective assistance of counsel. Defense counsel objected to the two instances of prosecutorial misconduct during summation. Inasmuch as we have concluded that there were no other instances of prosecutorial misconduct, defendant was not denied

effective assistance of counsel by counsel's alleged failure to object to the claimed misconduct (*see People v Barber-Montemayor*, 138 AD3d 1455, 1456 [2016], *lv denied* 28 NY3d 926 [2016]; *People v Hill*, 82 AD3d 1715, 1716 [2011], *lv denied* 17 NY3d 806 [2011]). Defendant was also not denied effective assistance of counsel by counsel's alleged failure to object to the use of restraints on defendant while he testified before the grand jury. The "overwhelming nature of the evidence adduced before the grand jury eliminated the possibility that defendant was prejudiced as a result of [any] improper shackling" (*People v Brooks*, 140 AD3d 1780, 1781 [2016]; *see People v Morales*, 132 AD3d 1410, 1410 [2015], *lv denied* 27 NY3d 1072 [2016]). Defendant's remaining claims of ineffective assistance of counsel are without merit.

Finally, the sentence is not unduly harsh or severe. Present—Centra, J.P., Carni, Lindley, Troutman and Winslow, JJ.