People v Rampersad (2018 NY Slip Op 01084)





People v Rampersad


2018 NY Slip Op 01084


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2010-07122
2011-11665
 (Ind. No. 938/08)

[*1]The People of the State of New York, respondent,
v
Nicholas Rampersad, appellant.


Seymour W. James, Jr., New York, NY (Steven J. Miraglia of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Jonathan V. Brewer of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Daniel Lewis, J.), rendered June 23, 2010, convicting him of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence, and (2) a resentence of the same court imposed July 15, 2010. The appeals bring up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his written statement to law enforcement officials.
ORDERED that the judgment and the resentence are affirmed.
Contrary to the defendant's contention, the Supreme Court properly denied suppression of a gun recovered from him and his written statement to law enforcement officials. At the suppression hearing, a police officer testified that he observed the defendant toss litter from the driver's side of his vehicle, which was stopped, but with the motor running. This testimony, which the hearing court credited, established that the officer and his partner had probable cause to believe that the defendant was committing a traffic violation (see Vehicle and Traffic Law § 1220[a]). Upon approaching the defendant's vehicle, the officers detected the odor of burning marijuana emanating from inside. Given the information they had, the officers had discretion to direct the defendant to get out of his car, and they directed him to do so (see People v Patron, 141 AD3d 545, 546; People v Sanchez, 192 AD2d 562, 563). When the officers saw the defendant fidgeting with his pants and then grabbing his pants pocket as he was getting out of the car, they had grounds for reasonable suspicion that he was armed. Accordingly, they were permitted to perform a protective pat-down search, and to remove the gun they found in his pants (see CPL 140.50[3]; People v Batista, 88 NY2d 650, 653-654; People v Robinson, 74 NY2d 773, 774; People v Patron, 141 AD3d at 546; People v Grant, 83 AD3d 862, 863). Contrary to the defendant's contention, the testifying officer's hearing testimony was not manifestly untrue or patently tailored to overcome constitutional objections, and there is no basis in the record upon which to disturb the hearing court's credibility determination (see People v McKenzie, 148 AD3d 936, 937; People v Page, 137 AD3d 817, 817; [*2]People v Boyd, 136 AD3d 935, 936; People v Cruz, 131 AD3d 706).
Although the Supreme Court erred in denying the defendant's request for a missing witness charge as to two detectives who separately interviewed him, but did not testify at trial (see People v Hall, 18 NY3d 122, 132; People v Gonzalez, 68 NY2d 424, 427), the error was harmless, as there was overwhelming evidence of the defendant's guilt, the defendant received ample latitude to comment on the witnesses' absence, and there is no significant probability that the error contributed to his conviction (see People v Hall, 18 NY3d at 132; People v Fraser, 134 AD3d 734, 736; People v Wilkins, 75 AD3d 847, 849).
The defendant's remaining contention is unpreserved for appellate review (see People v Garay, 25 NY3d 62, 67; People v Angelo, 88 NY2d 217, 222; People v Settles, 28 AD3d 591, 591) and, in any event, without merit (see People v Aponte, 28 AD3d 672, 672; People v Platt, 21 AD3d 1124, 1124).
BALKIN, J.P., HINDS-RADIX, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court