People v Barksdale (2018 NY Slip Op 01721)





People v Barksdale


2018 NY Slip Op 01721


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


121 KA 11-00794

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KENNETH BARKSDALE, DEFENDANT-APPELLANT. 






WILLIAM G. PIXLEY, PITTSFORD, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Robert B. Wiggins, A.J.), rendered March 22, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]), defendant contends that Supreme Court (Valentino, J.) erred in refusing to suppress statements he made to a police officer. We reject that contention. Defendant was arrested and taken to a police substation, where an officer began to read the Miranda warnings to defendant. When the officer asked defendant if he understood his rights, defendant replied " [n]ope, nope, nope. Yeah, I've been through this since you were both in diapers.' " When the officer then asked if he could continue the process, defendant indicated yes, and then waived his rights and indicated that he was willing to talk to the officer. It is well settled that the court's "determination that defendant did not unequivocally invoke his right to remain silent is granted deference and will not be disturbed unless unsupported by the record' " (People v Zacher, 97 AD3d 1101, 1101 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]; see People v Smith, 140 AD3d 1774, 1775 [4th Dept 2016], lv denied 28 NY3d 1127 [2016]). Here, the record fully supports the court's determination that defendant "waived his Miranda rights and did not make an unequivocal assertion of his right to remain silent at that time" (People v Young, 153 AD3d 1618, 1619 [4th Dept 2017]; see People v Ingram, 19 AD3d 101, 102 [1st Dept 2005], lv denied 5 NY3d
806 [2005]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court