People v Johnson (2020 NY Slip Op 03310)





People v Johnson


2020 NY Slip Op 03310


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


301 KA 14-00200

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NATALIE A. JOHNSON, DEFENDANT-APPELLANT. 






BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
NATALIE A. JOHNSON, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered December 18, 2013. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon a jury verdict, of two counts of murder in the second degree (Penal Law § 125.25 [1], [3] [intentional murder and felony murder, respectively]). Defendant contends in her main and pro se supplemental briefs that Supreme Court committed reversible error when it discharged three sworn jurors over the objection of defense counsel. Contrary to defendant's contention, however, the court granted the remedy that defense counsel impliedly sought and, because defense counsel failed to object to that remedy or move for a mistrial, that remedy must be deemed to have corrected the error to defendant's satisfaction. Specifically, after the first three jurors were sworn, the prosecutor and defense counsel both advised the court that they believed defendant's right to be present during a material sidebar conference had been violated (see generally People v Antommarchi, 80 NY2d 247, 250 [1992], rearg denied 81 NY2d 759 [1992]). The court asked defense counsel if he wished "to either retain all three jurors despite what [he] deem[ed] to be legal error or to dismiss or discharge one or all of those . . . jurors" and receive an additional peremptory challenge for each juror that he wished to discharge, to which defense counsel responded, "[i]n the event there is legal error, they should be all dismissed." In an effort to remedy the error, the court discharged the three sworn jurors and started over with jury selection. "[B]y consenting to the procedure employed by the court, defendant waived [her] right to appellate review of the court's allegedly improper discharge of the [three] sworn juror[s]" (People v Walker, 96 AD3d 1481, 1482 [4th Dept 2012], lv denied 20 NY3d 989 [2012]; see People v Barner, 30 AD3d 1091, 1092 [4th Dept 2006], lv denied 7 NY3d 809 [2006]).
Defendant also contends in her main brief that the court erred in permitting a police investigator to give testimony at trial identifying defendant's voice on an audio recording. We reject that contention. The record establishes that the investigator had personal experience with defendant and was familiar with her voice, having met with her face to face for a period of approximately 40 minutes during the investigation. Thus, contrary to defendant's contention, we conclude that the investigator's identification of defendant's voice on the audio recording was confirmatory (see People v King, 166 AD3d 1562, 1564 [4th Dept 2018], lv denied 34 NY3d 1017 [2019]). Contrary to defendant's further contention, there is no requirement that a "testifying officer be qualified as an expert in order to identify the defendant's voice" (People v Gouveia, 88 AD3d 814, 815 [2d Dept 2011], lv denied 18 NY3d 957 [2012]), and we conclude that the court "properly left to the jury the role of weighing the probative value of the [investigator]'s opinion testimony" regarding the identification of the speaker's voice (People v [*2]Hoffler, 41 AD3d 891, 893 [3d Dept 2007], lv denied 9 NY3d 962 [2007]). To the extent that defendant contends the investigator's voice identification testimony improperly bolstered the testimony of another witness for the prosecution, that contention is unpreserved because defendant failed to object to the evidence on that ground at trial (see People v Williams, 163 AD3d 1160, 1164 [3d Dept 2018], lv denied 32 NY3d 1179 [2019]).
Defendant also contends in her main brief that the court erred in refusing to preclude certain identification evidence on the ground that the People's second supplemental CPL 710.30 notice was not timely filed within 15 days of defendant's arraignment (see CPL 710.30 [2]). Initially, we note that there is no indication in the record that the People adduced any testimony at trial with respect to the photo array identification procedure that was the subject of that notice. In any event, we reject defendant's contention. As relevant here, the People filed a supplemental CPL 710.30 notice dated the same day as defendant's arraignment and a second supplemental CPL 710.30 notice dated 22 days later. The latter notice concerned an identification procedure that occurred more than one week after defendant's arraignment, and thus the People could not have included that identification procedure in the prior notice. The People did, however, provide prompt notice to defendant of the post-arraignment identification procedure, and the second supplemental CPL 710.30 notice was served more than two months before the argument of motions, nearly four months before suppression hearings, and more than six months before defendant's trial. Indeed, defense counsel had the opportunity at defendant's Wade hearing to cross-examine the police investigator who conducted the relevant identification procedure. Under the circumstances of this case, we conclude that the second supplemental CPL 710.30 notice "was in compliance with the spirit of [CPL 710.30] and met [the People's] continuing obligation to give prompt notice" (People v Green, 127 AD3d 1473, 1476 [3d Dept 2015], lv denied 27 NY3d 965 [2016]; see CPL 710.30 [1] [b]; [2]).
As defendant correctly concedes, she failed to preserve for our review her contention that the conviction of felony murder is not supported by legally sufficient evidence (see People v Gray, 86 NY2d 10, 19 [1995]). Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we reject defendant's contention in her main brief that the evidence is legally insufficient to support the conviction of intentional murder (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, contrary to the contention of defendant in her main and pro se supplemental briefs, the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We reject the further contention of defendant in her main brief that she was denied effective assistance of counsel. Inasmuch as the evidence is legally sufficient to support the conviction of felony murder, defense counsel's failure to move for a trial order of dismissal of that count does not constitute ineffective assistance (see People v Broomfield, 134 AD3d 1443, 1444-1445 [4th Dept 2015], lv denied 27 NY3d 1129 [2016]). Defense counsel's failure to request an instruction on the affirmative defense to felony murder (Penal Law
§ 125.25 [3]) does not demonstrate ineffective assistance of counsel because the trial evidence did not support that affirmative defense (see People v Solomon, 16 AD3d 701, 702-703 [2d Dept 2005], lv denied 5 NY3d 794 [2005]). Contrary to defendant's contention, the police investigator's identification of defendant's voice on an audio recording in this case was not subject to the notice requirement of CPL 710.30 (see CPL 710.30 [1] [b]; People v Johnson, 150 AD3d 1390, 1394-1395 [3d Dept 2017], lv denied 29 NY3d 1128 [2017]), and therefore a motion to preclude the investigator's testimony on that basis would not have been successful. Contrary to defendant's contention, the record establishes that defense counsel conducted an adequate cross-examination of a certain prosecution witness (see generally People v Alexander, 109 AD3d 1083, 1085 [4th Dept 2013]). Indeed, defense counsel effectively highlighted the inconsistencies between that witness's testimony on direct examination, her testimony before the grand jury, and her statement to police. " [S]peculation that a more vigorous cross-examination might have [undermined the credibility of a witness] does not establish ineffectiveness of counsel' " (People v Lozada, 164 AD3d 1626, 1628 [4th Dept 2018], lv denied 32 NY3d 1174 [2019]). Upon review of the record, we conclude that "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that [defendant's] attorney provided meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, contrary to defendant's contention in her main brief,
the sentence is not unduly harsh or severe.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court