People v Upson (2020 NY Slip Op 04876)





People v Upson


2020 NY Slip Op 04876


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-05590
 (Ind. No. 4880/14)

[*1]The People of the State of New York, respondent,
v
Shaquille Upson, appellant.


Paul Skip Laisure, New York, NY (Caitlin Halpern of counsel), for appellant. 
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Camille O'Hara Gillespie, and Denise Pavlides of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny Chun, J.), rendered April 20, 2016, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenges to various remarks made by the prosecutor during the opening and summation are partially unpreserved for appellate review, as the defendant largely failed to object to the challenged remarks (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Thomas, 143 AD3d 1006; People v Yusuf, 119 AD3d 619; People v Jeudy, 115 AD3d 982, 983). In any event, the challenged remarks were either fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to defense counsel's summation, or otherwise not improper (see People v Bridges, 114 AD3d 960; People v Wingfield, 113 AD3d 798, 799; People v Hawley, 112 AD3d 968, 969).
We agree with the Supreme Court's determination admitting into evidence photographs taken by the police at the scene of the shooting (see People v Carranza, 306 AD2d 351, 352, affd 3 NY3d 729). The photographs served to illustrate and corroborate witness testimony as to the defendant's proximity to the victim at the time of the shooting, and the number of shots fired. As the manner of death and intent were material issues in the case, the photographs were properly admitted (see People v Pobliner, 32 NY2d 356, 369-370; People v Wells, 161 AD3d 1200; People v Morin, 146 AD3d 901, 902; People v Stover, 36 AD3d 837, 838).
We disagree, however, with the Supreme Court's determination admitting into evidence certain content from various social media accounts (see People v Wells, 161 AD3d at 1200). The People failed to present sufficient evidence that the subject social media accounts belonged to the defendant, that the photographs on the accounts were accurate and authentic, or that the statements found on one of the accounts were made by the defendant (see People v Price, 29 NY3d 472, 479-480; cf. People v Franzese, 154 AD3d 706, 707). Nevertheless, the admission of such evidence was harmless as the evidence of the defendant's guilt was overwhelming, and there [*2]was no significant probability that the error contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 241-242).
The defendant's contention that the prosecutor's impeachment of his own witness was improper and in violation of CPL 60.35 is unpreserved for appellate review (see CPL 470.05[2]). In any event, any error was harmless as the evidence of the defendant's guilt was overwhelming, and there was no significant probability that the error contributed to the defendant's convictions (see People v Crimmins, 36 NY2d at 241-242).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court