People v Colon (2021 NY Slip Op 01652)





People v Colon


2021 NY Slip Op 01652


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


972 KA 19-00007

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GENESIS COLON, ALSO KNOWN AS GENESIS COLON-LOPEZ, DEFENDANT-APPELLANT. 






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA J. DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered December 3, 2018. The judgment convicted defendant upon a jury verdict of murder in the second degree (two counts), kidnapping in the first degree, burglary in the first degree, robbery in the first degree, robbery in the second degree, tampering with physical evidence and criminal possession of marihuana in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that all sentences except the sentence imposed on the count of tampering with physical evidence (Penal Law § 215.40 [2]) shall run concurrently and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of, inter alia, two counts of murder in the second degree (Penal Law § 125.25 [1], [3]), and one count each of kidnapping in the first degree (§ 135.25 [3]), burglary in the first degree
(§ 140.30 [4]), robbery in the first degree (§ 160.15 [4]) and tampering with physical evidence (§ 215.40 [2]). Before trial, defendant sought suppression of all evidence seized in connection with search warrants for her vehicle and her residence, which were issued on May 13, 2017 and May 15, 2017, respectively. She did not raise any challenge to the other six warrants issued during the criminal investigation. Supreme Court rejected defendant's contentions related to those two warrants and determined that a warrant issued for a particular iCloud account was valid. The court therefore refused to suppress evidence obtained as a result of those warrants.
Contrary to defendant's contentions, the warrants for her vehicle and residence were supported by the requisite probable cause and the hearsay information of a confidential informant (CI) used in the search warrant applications satisfied both prongs of the Aguilar-Spinelli test. The reliability of the CI was established by the officers' statements that the CI had given credible and accurate information in the past (see People v Rodriguez, 52 NY2d 483, 489 [1981]; see generally People v Barnes, 139 AD3d 1371, 1373 [4th Dept 2016], lv denied 28 NY3d 926 [2016]), and the CI's basis of knowledge was established because the police investigation corroborated the information provided by the CI (see People v Bigelow, 66 NY2d 417, 423-424 [1985]; Barnes, 139 AD3d at 1373).
Even assuming, arguendo, that defendant's challenge to the iCloud warrant is preserved for our review because its validity was expressly decided by the court (see CPL 470.05 [2]), we nevertheless conclude that any error in refusing to suppress evidence obtained as a result of that warrant is harmless beyond a reasonable doubt (see People v Couser, 12 AD3d 1040, 1042 [4th Dept 2004], lv denied 4 NY3d 762 [2005]; see generally People v Crimmins, 36 NY2d 230, 237 [1975]). The evidence of defendant's guilt is overwhelming, and there is no reasonable possibility that the error contributed to defendant's conviction (see Crimmins, 36 NY2d at 237). [*2]No evidence obtained from the iCloud account appears to have been used at defendant's trial.
We reject defendant's further contention that she was denied effective assistance of counsel based on defense counsel's failure to challenge the remaining search warrants. All of the remaining warrant applications generally contained the same allegations as the warrants we have determined were properly issued, and "[t]here can be no denial of effective assistance of trial counsel arising from [defense] counsel's failure to 'make a motion or argument that has little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005], quoting People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]).
Defendant contends that numerous evidentiary errors, either individually or cumulatively, deprived her of a fair trial. We reject that contention. Even assuming, arguendo, that the People failed to lay an adequate foundation for the content from Facebook messenger accounts (see People v Upson, 186 AD3d 1270, 1271 [2d Dept 2020]; cf. People v Serrano, 173 AD3d 1484, 1487-1488 [3d Dept 2019], lv denied 34 NY3d 937 [2019]; see generally People v Price, 29 NY3d 472, 476 [2017]), we conclude that "the admission of such evidence was harmless as the evidence of . . . defendant's guilt was overwhelming, and there was no significant probability that the error contributed to . . . defendant's conviction[]" (Upson, 186 AD3d at 1271; see generally Crimmins, 36 NY2d at 241-242).
Defendant further contends that the court erred in permitting the People to elicit testimony that the owner and landlord of a codefendant's apartment had died from natural causes before trial because such testimony would cause the jury to speculate about how the landlord died and would prejudice defendant. That contention is not preserved for our review inasmuch as defendant failed to object to the testimony on that ground (see People v Johnson, 184 AD3d 1102, 1104 [4th Dept 2020], lv denied 36 NY3d 929 [2020]). In any event, we have reviewed that contention as well as defendant's other evidentiary challenge, and we conclude that they lack merit.
At trial, defendant moved for a trial order of dismissal on the murder counts, contending that she was not present in the basement when the murder was committed and that there was no proof that she "had anything to do with the commission of the murder." Assuming, arguendo, that such a motion was "sufficiently specific" to preserve for our review her appellate contention that she lacked the requisite intent to commit murder in the second degree (People v Dalton, 164 AD3d 1645, 1646 [4th Dept 2018], lv denied 32 NY3d 1170 [2019]), we conclude that the contention lacks merit. Defendant's intent to kill the victim is readily inferable from her conduct and the surrounding circumstances (see People v Spencer, 181 AD3d 1257, 1258 [4th Dept 2020], lv denied 35 NY3d 1029 [2020]). Based on defendant's substantial involvement before, during and after the entire criminal spree, the jury could rationally find that defendant shared the codefendants' intent to kill the victim (see id.; People v Booker, 53 AD3d 697, 703 [3d Dept 2008], lv denied 11 NY3d 853 [2008]; see generally People v Rossey, 89 NY2d 970, 972 [1997]). We therefore reject defendant's contention that the evidence of intent is legally insufficient to support the conviction of intentional murder in the second degree (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of that crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we also reject defendant's contention that the verdict is against the weight of the evidence with respect to that count (see generally Bleakley, 69 NY2d at 495).
Finally, defendant contends that the sentence is unduly harsh and severe. For the kidnapping and murder counts, defendant was sentenced to concurrent terms of incarceration of 25 years to life. For the burglary and robbery counts, related to the crimes committed at the victim's residence, defendant received determinate terms of incarceration of 15 years. Although those sentences run concurrently with each other, they were directed to run consecutively to the kidnapping and murder sentences. In addition, defendant received an indeterminate term of incarceration of 1&frac13; to 4 years for the count of tampering with physical evidence, which was to run consecutively to all other counts.
It is well settled that this Court's "sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court" (People v Delgado, 80 NY2d 780, 783 [1992]), and that "we may 'substitute our own discretion for that of a trial court which has not abused its discretion in the imposition of a sentence' " (People v Johnson, 136 AD3d 1417, [*3]1418 [4th Dept 2016], lv denied 27 NY3d 1134 [2016]). Here, the record establishes that defendant, who was 22 years old and gainfully employed at the time of the crimes, had no prior criminal history. In addition, although she was an accessory to the crimes committed at the victim's residence, the evidence establishes that she was one block away during that incident and did not physically participate in those crimes. There is also evidence suggesting that defendant was the victim of repeated acts of domestic abuse perpetrated by one of the codefendants.
Under the circumstances, we conclude that the sentence imposed is unduly harsh and severe. We therefore modify the judgment as a matter of discretion in the interest of justice by directing that all sentences except the sentence imposed on the count of tampering with physical evidence run concurrently with each other (see CPL 470.15 [6] [b]).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court