People v Honeycutt (2026 NY Slip Op 01879)

People v Honeycutt

2026 NY Slip Op 01879

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, OGDEN, AND DELCONTE,
JJ.

69 KA 22-01206

[*1]THE PEOPLE OF THE STATE OF NEW YORK,
RESPONDENT,
vELMARIOUS HONEYCUTT, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLISON V.
MCMAHON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (JERRY MARTI OF
COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Suzanne Maxwell Barnes, J.),
rendered June 13, 2022. The judgment convicted defendant, upon a jury verdict, of
criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously
affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury
verdict, of criminal possession of a weapon in the second degree (Penal Law §
265.03 [3]).
Viewing the evidence in the light most favorable to the People, as we must when
reviewing the legal sufficiency of the evidence (see People v Contes, 60 NY2d
620, 621 [1983]), we conclude, contrary to defendant's contention, that the evidence is
legally sufficient to support the conviction (see generally People v Bleakley, 69
NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crime as
charged to the jury (see People v
Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against
the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Even assuming, arguendo, that the video evidence was not sufficiently authenticated
and that County Court thus erred in admitting it in evidence, we conclude that "the
admission of such evidence was harmless [inasmuch] as the evidence of . . . defendant's
guilt was overwhelming, and there was no significant probability that the [alleged] error
contributed to . . . defendant's conviction[ ]" (People v Upson, 186 AD3d 1270, 1271 [2d Dept 2020],
lv denied 36 NY3d 1054 [2021]; see People v Cardoza, 218 AD3d 1291, 1293 [4th Dept
2023], lv denied 40 NY3d 996 [2023]; see generally People v Crimmins,
36 NY2d 230, 241-242 [1975]).
Defendant failed to object to many of the alleged instances of prosecutorial
misconduct that he raises on appeal, and thus he failed to preserve his contentions for our
review with respect to those instances (see CPL 470.05 [2]). We decline to
exercise our power to review those unpreserved contentions as a matter of discretion in
the interest of justice (see CPL 470.15 [6] [a]). Regardless, with respect to the
alleged instances of prosecutorial misconduct that are preserved, we conclude that "[a]ny
improprieties were not so pervasive or egregious as to deprive defendant of a fair trial"
(People v Torres, 125 AD3d
1481, 1484 [4th Dept 2015], lv denied 25 NY3d 1172 [2015] [internal
quotation marks omitted]).
Defendant failed to preserve for our review his contention that, in sentencing him, the
court penalized him for exercising his right to a trial (see People v Mohamed, 224 AD3d 1271, 1271-1272 [4th
Dept 2024], lv denied 41 NY3d 984 [2024]). In any event, that contention lacks
merit. "The imposition of a more severe sentence after trial than that offered to defendant
pursuant to a plea offer that he rejected, without more, does not support the contention of
defendant that he was penalized for exercising his right to go to trial" (People v
Taplin, 1 AD3d [*2]1044, 1046 [4th Dept 2003],
lv denied 1 NY3d 635 [2004] [internal quotation marks omitted]; see People v Tetro, 181 AD3d
1286, 1290 [4th Dept 2020], lv denied 35 NY3d 1070 [2020]). Finally,
defendant's sentence is not unduly harsh or severe.
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court